**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 14-4009**

─────────

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

     v.

RAYMOND FRANK BROWN,

              Defendant - Appellant.

─────────

Appeal from the United States District Court for the District of Maryland, at Greenbelt.  Roger W. Titus, Senior District Judge. (8:13-cr-00154-RWT-1)

─────────

Submitted:  June 27, 2014          Decided:  July 8, 2014

─────────

Before MOTZ and DUNCAN, Circuit Judges, and DAVIS, Senior Circuit Judge.

─────────

Affirmed by unpublished per curiam opinion.

─────────

James Wyda, Federal Public Defender, Paresh S. Patel, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenbelt, Maryland; Nishant Kumar, PERKINS COIE LLP, Washington, D.C., for Appellant.  Rod J. Rosenstein, United States Attorney, Thomas P. Windom, Assistant United States Attorney, Gerald A. A. Collins, Special Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Raymond Frank Brown appeals from his conviction following his conditional guilty plea to possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012). Brown preserved the right to appeal the district court's denial of his motion to suppress evidence seized pursuant to a patdown conducted by a police officer during a lawful traffic stop of a vehicle in which Brown was a passenger. On appeal, Brown argues that although the traffic stop was legal, the police officer lacked reasonable suspicion to perform the frisk of his person. For the reasons that follow, we affirm.

We review the district court's factual findings regarding the motion to suppress for clear error, and the court's legal conclusions de novo. United States v. McGee, 736 F.3d 263, 269 (4th Cir. 2013), cert. denied, 134 S. Ct. 1572 (2014). Where, as here, the motion to suppress has been denied, we review the evidence in the light most favorable to the Government. United States v. Black, 707 F.3d 531, 534 (4th Cir. 2013).

Under Terry v. Ohio, 392 U.S. 1 (1968), an officer may conduct a protective frisk of a car's driver or passenger if he "harbor[s] reasonable suspicion that the person subjected to the frisk is armed and dangerous." Arizona v. Johnson, 555 U.S.

2

323, 327 (2009) (internal quotation marks and citation omitted).

Specifically, we have explained:

> To conduct a lawful frisk of a passenger during a traffic stop, "the police must harbor reasonable suspicion that the person subjected to the frisk is armed and dangerous." "The officer need not be absolutely certain that the individual is armed; the issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger." The reasonable suspicion standard is an objective one, and the officer's subjective state of mind is not considered.
>
> In determining whether such reasonable suspicion exists, we examine the "totality of the circumstances" to determine if the officer had a "particularized and objective basis" for believing that the detained suspect might be armed and dangerous.
>
> A host of factors can contribute to a basis for reasonable suspicion, including the context of the stop, the crime rate in the area, and the nervous or evasive behavior of the suspect. A suspect's suspicious movements can also be taken to suggest that the suspect may have a weapon. And multiple factors may be taken together to create a reasonable suspicion even where each factor, taken alone, would be insufficient.

United States v. George, 732 F.3d 296, 299-300 (4th Cir. 2013) (citations omitted).

Here, under the above standards, Officer Watson, the officer who decided that both the vehicle's driver (Ferguson) and his passenger (Brown) should be frisked, had reasonable suspicion to believe the occupants of the vehicle were armed. Minutes before the traffic stop, at a nearby 7-11 convenience store, Officer Watson had observed Brown acting in what Officer

3

Watson, based on his training and experience, considered to be a suspicious manner. It was after midnight in a high crime area, and according to Officer Watson, Brown and Ferguson appeared to be loitering in the store, examining their surroundings, as if they were about to effect a robbery. When, after Officer Watson moved his patrol car into a position on the parking lot so that it could be seen from inside the store, Ferguson and Brown immediately left the store and drove away.

Moreover, once the vehicle was stopped based on an expired license tag, Officer Watson observed both occupants making furtive movements. As he approached the vehicle, Officer Watson observed that Ferguson, the driver, appeared nervous. Furthermore, as Ferguson handed over his license and registration documents, Ferguson attempted to block Officer Watson's view of the interior of the vehicle by "squaring up." Thereafter, after having been ordered to make their hands visible, both Ferguson and Brown made additional furtive movements in the vehicle, including one of them reaching for the glove box. Finally, one of Officer Watson's responding back-up officers testified that he smelled what he described as the "[v]ery distinct" and unforgettable odor of PCP emanating from the partially open window on the side of the truck where Brown was a passenger, a smell with which he was familiar both from

4

his recent police training and his involvement with at least one traffic stop involving PCP.

Based upon the totality of the circumstances presented on this record, we hold that the frisk of Brown after he exited the vehicle was on a "particularized and objective basis" that he might be armed and therefore constitutionally sound. See George, 732 F.3d at 301.

Accordingly, we affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED